UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ARTHUR A. BLUMEYER, III | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Case No. 4:16-cv-00573-JCH |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Arthur Blumeyer's Petition for Writ of Error Coram Nobis. (Petition, ECF No. 1.) The Government has filed a Response (ECF No. 8), and the Petition is ready for disposition.

## BACKGROUND

In February 1996, Blumeyer was convicted of mail fraud, wire fraud, conspiracy to do the same, and money laundering. The Court sentenced Blumeyer to 262 months in prison, and his conviction and sentence were affirmed on appeal. *United States v. Blumeyer*, 114 F.3d 758, 771 (8th Cir. 1997). In 1998, Blumeyer filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Blumeyer v. United States*, No. 4:98-cv-00301-JCH (E.D. Mo. Feb. 18, 1998). His motion for post-conviction relief was denied, and the Eighth Circuit denied a certificate of appealability. *Blumeyer v. United States*, No. 01-2404 (8th Cir. Aug. 27, 2001). Blumeyer proceeded to file several unauthorized successive motions for post-conviction relief in the Eastern District of Missouri, all of which were unsuccessful.

Blumeyer also filed applications in other districts seeking collateral relief. In December 2011, Blumeyer filed a 28 U.S.C. § 2241 petition in the Southern District of Illinois. Upon

1

retaining counsel, he filed an amended section 2241 petition, in which he raised the following issues: (1) whether his money laundering convictions must be vacated in light of the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008)[1]; (2) whether his theft of honest services conviction must be vacated in light of *Skilling v. United States*, 561 U.S. 358 (2010), and *Black v. United States*, 561 U.S. 465 (2010)[2]; and (3) "whether [he] may advance and prevail on an actual innocence claim in light of these decisions." (ECF No. 10 in No. 3:11-cv-01137 (S.D. Ill. Mar. 22, 2012).)

The Southern District of Illinois denied Blumeyer's section 2241 petition, and the Seventh Circuit affirmed, reasoning as follows:

> Even if laches should not apply, Blumeyer's *Santos* argument must be denied because he does not have a viable claim of actual innocence; that is, even under *Santos* he is guilty of money laundering: The money Blumeyer took in and then sent overseas to be 'laundered' was the proceeds of selling fraudulent insurance. That money did not go to operating expenses; it went to Blumeyer's (and his confederates') pockets.
>
> Blumeyer's *Skilling* claim fails for simpler reasons. First, Blumeyer raised on direct appeal a similar challenge to his conviction under 18 U.S.C. § 1346. The Eighth Circuit rejected that challenge, concluding that Blumeyer's payment to a state legislator to introduce legislation beneficial to Blumeyer's company deprived citizens of Missouri of the legislator's honest services…Blumeyer cannot raise that failed challenge again in a § 2241 petition based on a new Supreme Court Case. Second, Blumeyer's claim fails under *Skilling*. He says his conduct did not amount to bribery or kick-backs, the only schemes that the Supreme Court held in *Skilling* are covered under § 1346. Blumeyer had paid the legislator to introduce and sponsor legislation that would benefit Blumeyer's company; in other words, Blumeyer *bribed* him. What Blumeyer really is saying is that the government's case highlighted legitimate business dealings and not fraudulent or illegal activities. The jury disagreed, and so did the Eighth Circuit. Blumeyer cannot use § 2241 to usurp the deference given to those decisions.

---

[1] *See Santos*, 553 U.S. at 514, 524 (money-laundering statute's term "proceeds" refers to "profits").
[2] *See Skilling*, 561 U.S. at 408-09 (honest-services statute covers only bribery and kickback schemes); *Black*, 561 U.S. at 471 (under *Skilling*, federal mail-fraud statute criminalizes only schemes to defraud that involve bribes or kickbacks).

*Blumeyer v. Walton*, No. 13-3356 (7th Cir. Jan 13, 2014).

On April 25, 2016, Blumeyer, through counsel, filed his Petition for Writ of Error Coram Nobis pursuant to the All Writs Act, 28 U.S.C. § 1651.[3] In his Petition, he raises the following issues: (1) whether his money laundering convictions must be vacated in light of the Supreme Court's decision in *Santos*, (2) whether his theft of honest services conviction must be vacated in light of *Skilling* and *Black*, and (3) "whether he may now advance and prevail on an actual innocence claim in light of these decisions and others." (Petition at 5.)

## **DISCUSSION**

"A writ of coram nobis is an 'extraordinary remedy,' and courts should grant the writ 'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.'" *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996) (quoting *United States v. Morgan*, 346 U.S. 502, 511-12 (1954)). "Accordingly, a petitioner must show a compelling basis before coram nobis relief will be granted…and the movant must articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis." *Id.* (quotations and citations omitted); *see also Morgan*, 346 U.S. at 511 ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."). A petitioner must also provide sound reasons for his failure to seek appropriate earlier relief. *See Morgan*, 346 U.S. at 512; *McFadden v. United States*, 439 F.2d 285, 287 (8th Cir. 1971). A writ of error coram nobis cannot be used to

---

[3] A writ of coram nobis affords the same general relief as a writ of habeas corpus. However, it is not intended to be a substitute for an appeal or for proceedings brought pursuant to section 2255, and it is only available when the applicant is not in custody. *See United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam); *United States v. Little*, 608 F.2d 296, 299 n.5 (8th Cir. 1979); *Azzone v. United States*, 341 F.2d 417, 419 (8th Cir. 1965) (per curiam).

relitigate issues already reviewed during prior post-conviction proceedings. *See Willis v. United States*, 654 F.2d 23, 24 (8th Cir. 1981) (per curiam) (absent credible new evidence or subsequent change in law, coram nobis petitioner is not entitled to another review of issues previously litigated and fully explored in § 2255 proceedings).

As set forth above, the issues Blumeyer raises in his Petition were previously litigated and adversely decided against him in prior section 2255 proceedings. In addition, Blumeyer has failed to present new evidence or a change in the law that would justify reconsideration of his claims. Thus, the Court finds that his claims are procedurally barred. *See Willis*, 654 F.2d at 24; *Katz v. United States*, No. 4:11CV513 CDP, 2012 WL 262675, at *2 (E.D. Mo. Jan. 27, 2012) (declining to reexamine same legal and factual issues that were previously adjudicated by another district judge in § 2255 proceedings; setting forth factors that court considers in determining whether controlling weight may be given to denial of prior application for § 2255); *cf. United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988) ("The writ of error coram nobis is limited to defects that sap the proceeding of any validity…It was and is not a device to relitigate issues fully ventilated at the time of the conviction."). Because Blumeyer has failed to show that coram nobis relief is necessary to achieve justice, his Petition will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Arthur Blumeyer's Petition for Writ of Error Coram Nobis (ECF No. 1) is **DENIED**, and that his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 16 day of September, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE